UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Dwayne A. Reddick

   v.                                                    Civil No. 05-cv-255-PB

Marguerite L. Wageling, et al.

**REPORT AND RECOMMENDATION**

Proceeding *pro se* and *in forma pauperis* plaintiff Dwayne A. Reddick brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants illegally seized and forfeited his personal property in violation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution and New Hampshire state law (document no. 1). Seeking monetary relief, he brings this action against Marguerite L. Wageling, Assistant County Attorney for Hillsborough County, and the Hillsborough County Attorneys' Office.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I recommend that the complaint be dismissed.

**Standard of Review**

In reviewing a *pro se* complaint, this court must construe the pleading liberally and in favor of the *pro se* litigant. See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Background**

Crediting the factual allegations in the complaint as true, and construing all reasonable inferences from the pleadings in Reddick's favor, the material facts appear to be as follows. Reddick is currently incarcerated as a pretrial detainee at the Hillsborough County Department of Corrections.  He alleges that Wageling, while acting under color of state law, illegally seized

his personal property amounting to $2,895.00 and turned it over to the Department of Justice.  As a result of the actions taken by Wageling and the Hillsborough County Attorneys' Office, Reddick allegedly has suffered mental and emotional distress.  He claims that defendants' actions violate his rights under the Eighth and Fourteenth Amendments and New Hampshire state law.

**Discussion**

I.    Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal law.  See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981); Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997).  In order to be held liable for a violation under Section 1983, a defendant's conduct must have been a cause in fact of the alleged constitutional deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).

The premise of Reddick's Section 1983 action is that defendants, acting in their capacity as state employees, deprived him of personal property in violation of his rights under the

Fourteenth Amendment.[1]  Even assuming that Reddick possesses a property interest sufficient to warrant protection under the Due Process Clause, he fails to state a claim upon which relief may be granted.

Section 1983 is not a remedy for addressing the taking of property if a postdeprivation remedy is available.  Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986).  This is true even if the deprivation is intentional.  Hudson v. Palmer, 468 U.S. 517, 533 (1984)("an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").  In a Section 1983 action claiming the deprivation of a property or liberty interest without procedural due process of law, a plaintiff must plead and prove that state remedies for redressing the wrong are inadequate.  See Brickner v. Voinovich, 977 F.2d 235, 237 (6th Cir. 1992)(citing Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir. 1983)).

---

[1]Although characterized as Eighth and Fourteenth Amendment violations, liberally construed Reddick's claims appear to arise solely under the Due Process Clause of the Fourteenth Amendment.

Reddick has not alleged that New Hampshire's judicial remedies are inadequate or fail to provide him a postdeprivation remedy.  See Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 33 (1st Cir. 1996) (declining to address whether an adequate postdeprivation remedy is available under state law absent any allegation by the plaintiff).  Nor has he alleged that it would be futile to argue before the New Hampshire courts that defendants illegally seized his personal property.  Absent an allegation that state law postdeprivation remedies are inadequate, the taking of Reddick's property does not violate due process.  Accordingly, I conclude that he has failed to state a claim under Section 1983 with regard to the alleged seizure and forfeiture of his personal property.[2]

II.  State Law Claims

The complaint further alleges that defendants illegally seized Reddick's property and turned it over to the Department of

---

[2] To the extent Reddick seeks relief against a federal defendant, he may seek return of his property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure (providing that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move the property's return.").  This is an equitable remedy, however, and is only available to a defendant who can show irreparable harm and an inadequate remedy at law.  See United States v. Rowzer, 201 F.R.D. 516, 518 (D. Kan. 2001).

Justice in violation of the procedures set forth in N.H. Rev. Stat. Ann. 318-B:17-(d)(II)(a)-(b), (c)(1)-(5).[3]  Because I have recommended dismissal of Reddick's federal claims, I also recommend dismissal of his supplemental state law claims.  See Belini v. Washington Mut. Bank, FA, 412 F.3d 17, 23 (1st Cir. 2005)(early dismissal of all federal claims usually will lead to dismissal of all supplemental state law claims); Velazquez-Rivera v. Danzig, 234 F.3d 790, 795 (1st Cir. 2000)(dismissal of pendent claims where federal claims were dismissed).

---

[3]Subparagraphs II (a)-(c)(1)-(5) provide:

II. The department of justice may administratively forfeit property seized under paragraph I of this section as follows:

(a) The department of justice shall provide a notice of intent to forfeit property administratively by publication for 3 consecutive weeks in a local newspaper of general circulation where the property was seized.
(b) In addition, to the extent practicable, the department of justice shall provide notice by certified mail return receipt addressee only requested, of intent to forfeit the property administratively to all persons having a recorded interest or claiming an equitable interest in the property seized.
(c) Notice by publication and by mail shall include:
   (1) A description of the property;
   (2) Its appraised value;
   (3) The date and place of seizure;
   (4) The violation of law alleged against the subject property;
   (5) Instructions for filing a claim and posting bond or filing
   a petition for remission or mitigation; . . .

N.H. Rev. Stat. Ann. 318-B-17-d, II(a)-(c)(1)-(5).

**Conclusion**

For the reasons stated above, I recommend that the complaint be dismissed.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                                                        _____
                                                                        James R. Muirhead
                                                                        United States Magistrate Judge

Date: July 29, 2005
cc:   Dwayne A. Reddick, *pro se*